CHEMICAL NATIONAL BANK v. DAVID M. KELLOGG ET
AL., PROSECUTORS.

Submitted December 16, 1903—Decided February 23, 1904.

An auditor in attachment appointed before appearance entered by the
defendant may be authorized by the court to collect rents of real
estate attached accruing after the entry of such appearance.

On *certiorari* to Middlesex Circuit Court.

Before Justices GARRISON and GARRETSON.

For the prosecutors, *Ephraim Cutler*.

For the respondent, *William D. Tyndall*.

The opinion of the court was delivered by

GARRETSON, J. An attachment was issued out of the Circuit Court of Middlesex county December 4th, 1902, under which certain real estate of the prosecutors was attached. January 6th, 1903, an auditor was appointed; May 1st, 1903, defendants entered an appearance. Declaration was filed June 1st, 1903. July 1st, 1903, the Circuit Court of Middlesex county made an order which, after reciting that one Robertson is a tenant of one of the parcels of property attached and in arrears of rent, and that no lease has been made of another parcel of property attached at Oak Tree, ordered that Robertson pay to the auditor any and all sums of money due on his lease or rental agreement, and that the auditor be empowered to make such leases of any and all the realty attached from the date of the writ to the next term of court, subject to the rights of any receiver of the Court of Chancery. This order was subsequently modified by an order of July 27th, 1903, in this respect, that so much of it as relates to the attached property mentioned in said rule as being at Oak Tree,

or authorizes the leasing thereof, be vacated. These last two orders are brought up by the writ and the court is asked to vacate the rule of July 7th, 1903, so far as it relates to the land occupied by the tenant Robertson. The prosecutors claim that the Circuit Court had no power to make the rule of July 7th, 1903, because prior thereto the prosecutors had entered their appearance.

It appears from the facts in the case that the auditor, appointed before the appearance was entered, collected in January, 1903, one month's rent from Robertson, and on July 13th, 1903, six months' rent.

Section 10 of the Attachment act of 1901 provides that, any time before judgment, the defendant may enter in the clerk's book his appearance to the suit of the plaintiff and of any applying creditor, and within twenty days give notice to the plaintiff and such creditors of the appearance and of willingness to accept a declaration, and the suits shall then proceed as if commenced by summons, and no other claims shall be put in; but the property attached is in no way affected or relieved by this proceeding, for the section goes on to say further that unless discharged, as afterwards provided, that is by giving bond, the lien of the attachment shall continue notwithstanding the appearance, and the attached property may be held and disposed of and garnishment proceedings prosecuted in all respects as if no appearance had been entered, and the lien of the judgment upon lands shall relate back to the date of entering the writ of attachment. Personal property remains in that custody in which it is when appearance is entered and is to be disposed of as if no appearance entered; so also real estate is to be held and disposed of as if no appearance had been entered unless the bonds provided for are given.

By section 25 of the act, the auditor is given power, under an order of a court or judge, to complete any attached goods which are in process of manufacture and put the same in a marketable condition; to put and keep attached real estate in tenantable condition; to insure real or personal property;

to take possession and charge of the real estate, and collect the rents, issues and profits thereof for the benefit of the creditors; under the order of a court or judge, to make leases of the same for terms not exceeding one year. Unless there is something in the statute to the contrary, these powers to so deal with the attached property continue notwithstanding the entering of the appearance.

The seventeenth section provides for the giving of bonds in four forms: (1) A bond to the officer in double the appraised value of the property, conditioned for the return of the property; (2) a bond to the plaintiff and to each applying creditor in double the sum sworn to in the affidavits; (3) a bond or bonds to such person or persons, and of such form, amount and conditions as the court or judge may determine; (4) a bond to the plaintiff and to each applying creditor in double the sums respectively sworn to, conditioned for the payment of such money as may be adjudged to be due to them severally in the action.

The effect of giving the bonds in either the first or second form is to discharge the defendant's personal property from the attachment; if given in the third form, the personal property may be discharged from the attachment; and if given in the fourth form, the attachment may be set aside, and the defendant's real and personal property discharged therefrom; but unless bonds are given under one or the other of these forms, the property remains subject to the lien of the attachment and subject to be dealt with by the court and its auditor, as provided in the act. The auditor may not go on and adjust the amounts due to the plaintiff and the applying creditors and make report thereof, because the law has provided that when appearance is entered the court shall determine what is due, but he must continue to perform all the other duties imposed by the act and by order of the court so authorized, as to the property attached, until the final determination of the case.

We do not find in the act any limitation upon the power and duty of the auditor to collect rents of real estate attached

after appearance entered, unless it be in the clause in the twenty-first section, "after the defendant shall have entered appearance as above stated, no auditor shall be appointed, and if one has been already appointed, he may, by rule of the court, be discharged." If appearance has been entered, and such bond given as will authorize the setting aside of the attachment, and discharging the defendant's real and personal property therefrom, no duty with respect to such property remains to be performed by an auditor, and he may well be discharged. In case no auditor has been appointed when appearance is entered, the personal property is in the keeping of the officer, and remains there, in the absence of a bond, to abide the judgment of the court; and in case of real estate, it is subject to the lien of the attachment, and when judgment is entered the lien of the judgment relates back to the date of entering the writ of attachment. This provision as to not appointing an auditor and discharging one already appointed cannot authorize a construction of the statute that the entry of appearance suspends all further powers and duties of the auditor.

The case referred to (*Jackson* v. *Johnson,* 22 *Vroom* 457) holds that after appearance entered without bond the auditor has no power to proceed for the discovery of other property of the defendant.

In *Connelly* v. *Lerche,* 27 *Vroom* 95, the court refused to quash a writ of attachment after appearance entered, holding that the suit proceeded *in personam,* remaining a proceeding *in rem* as to the property attached.

In *Watson* v. *Noblett,* 36 *Vroom* 506, the court refused to quash a writ of attachment in a case of fraud, because of insufficiency of proof to support the order for it, after a general appearance, and held that after such a general appearance no alias writ can issue.

None of these cases will justify the conclusion that after appearance all powers and duties of the court and auditor over the property already attached cease.

The suit proceeds *in personam,* remaining a proceeding *in rem,* as to the property attached. *Connelly* v. *Lerche, supra; Devlan* v. *Wells,* 36 *Vroom* 213; *Goldmark* v. *Magnolia Metal Company, Id.* 341, 352.

The orders brought up will be affirmed, with costs.